UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BURETA COLLINS**<br>10808 County Road 75<br>Alger, OH 45812,<br><br>      Plaintiff,<br><br>v.<br><br>**EQUABLE ASCENT FINANCIAL, LLC**<br>c/o CSC-Lawyers Incorporating Service<br>(Corporation Service Co)<br>50 W Broad St, Ste 1800<br>Columbus, OH 43215,<br><br>and<br><br>**PENTAGROUP FINANCIAL, LLC**<br>c/o CT Corporation System<br>1300 E 9th St<br>Cleveland, OH 44114<br><br>      Defendants. | Civil Action No.: 2:12-cv-968<br><br>JUDGE:<br><br><br>**COMPLAINT WITH JURY DEMAND** |

\* \* \*

## I. Introduction

    This action seeks to rectify Defendants' false, deceptive, misleading and unfair acts committed in the course of attempting to collect a consumer debt from an elderly widow. Despite Equable Ascent's knowledge that Ms. Collins was represented by counsel and disputed the alleged debt, it apparently asked debt collector Pentagroup to try to collect from her, without advising Pentagroup of the dispute and representation. Pentagroup then mailed Ms. Collins a dunning letter directly. Although Pentagroup subsequently received notice that Ms. Collins

disputed the debt and demanded verification, Pentagroup dunned her again, without responding to the verification at all.

## II. Jurisdiction

1. Jurisdiction is conferred on this court by 28 U.S.C. § 1337 and 15 U.S.C. § 1692 k(d).

## III. Parties

2. Plaintiff Bureta Collins ("Ms. Collins") is a natural person residing in Hardin County, Ohio.

3. Defendant Equable Ascent Financial, LLC ("Equable Ascent") is a limited liability company organized under the laws of the State of Delaware.  The principal purpose of Equable Ascent is the collection of debts using the mails, telephone and courts of various States; Equable Ascent regularly attempts to collect debts acquired or which it claims it acquired after default.

4. Equable Ascent maintains a statutory agent in Franklin County, Ohio.

5. At all times relevant to this case, Equable Ascent was a "debt collector" as defined by the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692a(6).

6. Defendant Pentagroup Financial, LLC ("Pentagroup") is a limited liability company organized under the laws of the State of Texas.  The principal purpose of Pentagroup is the collection of debts using the mails and telephone; Pentagroup regularly attempts to collect debts alleged to be due another; Pentagroup collects the debts of another as a matter of course.

7. Pentagroup maintains a statutory agent in Cuyahoga County, Ohio.

8. At all times relevant to this case, Pentagroup was a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. Factual Allegations

9. On November 17, 2011, Equable Ascent filed a civil law suit against Ms. Collins in Hardin County Municipal Court in Hardin County, Ohio, which was assigned case number CVF 1100663 (the "Collection Suit").

10. In the Collection Suit, Equable Ascent attempted to collect from Ms. Collins an alleged balance due on a personal credit card account (the "Alleged Debt").

11. On December 7, 2012, Equable Ascent was informed in writing, through its attorney, that Ms. Collins was represented by an attorney with regard to the Alleged Debt, and that Ms. Collins disputed the Alleged Debt.

12. On January 18, 2012, Equable Ascent filed a notice of dismissal of the Collection Suit.

13. On or about June 9, 2012, Pentagroup mailed a letter to Ms. Collins at her home address, in attempt to collect the Alleged Debt on behalf of Equable Ascent.

14. Pentagroup's June 9, 2012 letter was its first communication to Ms. Collins regarding the Alleged Debt.

15. Upon information and belief, at some point between December 7, 2012 and June 9, 2012, Equable Ascent communicated to Pentagroup that Ms. Collins owed the Alleged Debt, but failed to inform Pentagroup that Ms. Collins disputed the Alleged Debt, and failed to inform Pentagroup that Ms. Collins was represented by counsel.

16. Equable Ascent knew or should have known that its communication to Pentagroup, described in the immediately preceding paragraph, would likely lead to Pentagroup

contacting Ms. Collins directly, and not through counsel, in an attempt to collect the Alleged Debt.

17. On or about July 5, 2012, Ms. Collins, with the assistance of her son, mailed a letter to Pentagroup which stated, among other things, that Ms. Collins disputed the Alleged Debt.

18. On or about September 8, 2012, Pentagroup mailed another letter to Ms. Collins at her home, in an attempt to collect the Alleged Debt.

19. Pentagroup did not, at any time prior to September 8, 2012, obtain verification of the Alleged Debt or mail any purported verification of the Alleged Debt to Ms. Collins.

## V. First Claim for Relief, against Equable Ascent–Violation of the FDCPA

20. Plaintiff incorporates by reference all of the above allegations.
21. The actions of Equable Ascent were false, deceptive and misleading.

## VI. Second Claim for Relief, against Pentagroup–Violation of the FDCPA

22. Plaintiff incorporates by reference all of the above allegations.
23. The actions of Pentagroup violated 15 U.S.C. § 1692g(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered jointly and severally against Defendants for the following:

A) Statutory damages awarded to Ms. Collins of $1,000.00 pursuant to 15 U.S.C. § 1692k, for Equable Ascent's violation of the FDCPA.

B) Statutory damages awarded to Ms. Collins of $1,000.00 pursuant to 15 U.S.C. § 1692k, for Pentagroup's violation of the FDCPA.

C) Court costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

D) For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury to hear and determine the issues of the above-captioned case.

Respectfully submitted,

/s/ Gregory S. Reichenbach
Gregory S. Reichenbach   (Ohio Bar #0077876)
P.O. Box 256
Bluffton, OH  45817
(419) 529-8300
FAX: (419) 529-8310
Email: Greg@ReichenbachLaw.com


Attorney for Plaintiff